**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOMINIC and HEATHER DELA FUENTE, husband and wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>HUMANA INSURANCE COMPANY, a foreign insurer,<br><br>        Defendant. | No. 10-cv-2210-PHX-JAT<br><br>**ORDER** |

Currently before the Court is Plaintiffs Dominic and Heather dela Fuente's Motion to Remand (Doc. 8). Defendant Humana Insurance Company filed a Response on November 3, 2010 (Doc. 10) and Plaintiffs filed a Reply on November 12, 2010 (Doc. 11). For the reasons that follow, the Court grants Plaintiffs' Motion to Remand.

**I. Background**

Plaintiffs Dominic and Heather dela Fuente, and their four children who are not named as plaintiffs in this matter, received health insurance coverage from Defendant beginning on May 2, 2008. Plaintiffs allege that their son, Cody dela Fuente, was injured in a serious car accident and had to receive emergency treatment and several surgical procedures. Plaintiffs allege that Defendant assured them that the doctors performing the surgical procedures were network providers under Defendant's plan. However, Plaintiffs subsequently received several notifications from Defendant stating that the doctors who

1  performed the procedures were not network providers. As such, Plaintiffs allege that
2  Defendant breached their contract by refusing to provide insurance coverage.

3        On August 9, 2009, Plaintiffs commenced this action in Maricopa County Superior
4  Court. (Doc. 1, Ex. 1, Complaint). In the Complaint, Plaintiffs allege breach of contract and
5  breach of good faith and fair dealing. *Id.*  Plaintiffs seek actual, general, and consequential
6  damages, as well as punitive damages and reasonable attorneys' fees and costs. (Compl.,
7  9:3–7)

8        On October 15, 2010, Defendant removed the case to this Court based on diversity
9  jurisdiction. (Doc. 1). Plaintiffs filed a timely motion to remand claiming this Court lacks
10  subject matter jurisdiction because Defendant has not provided sufficient evidence to
11  establish that the amount in controversy exceeds $75,000. (Doc. 8). Defendant argues that
12  the amount in controversy requirement is met by Plaintiffs' claim of actual damages,
13  consequential damages, punitive damages, attorneys' fees, and Plaintiffs' concession that
14  damages exceed $50,000. (Doc. 10).

15  **II. Legal Standard**

16        Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all
17  civil actions where the matter in controversy exceeds the sum or value of $75,000,
18  exclusive of interests and costs, and is between . . . citizens of different States[.]"
19  28 U.S.C. § 1332(a)(1).

20        The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil
21  action brought in a State court of which the district courts of the United States have
22  original jurisdiction, may be removed by the defendant . . . to the district court of the
23  United States for the district and division embracing the place where such action is
24  pending."  28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392
25  (1987) ("Only . . . actions that originally could have been filed in federal court may be
26  removed to federal court by the defendant.").  Courts strictly construe the removal statute
27  against removal jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,
28  108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  There is a "strong

1   presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any

2   doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing

3   *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong

4   presumption' against removal jurisdiction means that the defendant always has the burden

5   of establishing that removal is proper." *Id.*; *see also Prize Frize, Inc. v. Matrix (U.S.)*

6   *Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction

7   is on the party seeking removal, and the removal statute is strictly construed against

8   removal jurisdiction.") (citing *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

9   Cir. 1988)).  "If at any time before final judgment it appears that the district court lacks

10  subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

11          "In a removed case, . . . the plaintiff chose a state rather than federal forum.

12  Because the plaintiff instituted the case in state court, '[t]here is a strong presumption that

13  the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal

14  court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)

15  (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

16  "Where the complaint does not demand a dollar amount, the removing defendant bears

17  the burden of proving by a preponderance of the evidence that the amount in controversy

18  exceeds [$75,000]." *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

19  398, 404 (9th Cir. 1996)); *see also Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what

20  amount of damages the plaintiff has sought, . . . then the defendant bears the burden of

21  actually proving the facts to support . . . the jurisdictional amount.") (emphasis in

22  original).  "Under this burden, the defendant must provide evidence establishing that it is

23  'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102

24  F.3d at 404.  "[R]emoval 'cannot be based simply upon conclusory allegations' where the

25  [complaint] is silent" as to the dollar amount of damages the plaintiff seeks.  *Singer*, 116

26  F.3d at 377 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

27  **III.  Analysis**

28          Plaintiffs' Complaint does not demand a specific dollar amount in damages.

1    Defendant therefore bears the burden of proving by a preponderance of the evidence that

2    the amount in controversy exceeds $75,000. *Id.* at 376. Defendant cannot base removal

3    upon conclusory allegations, *Sanchez*, 102 F.3d at 404, but rather must prove the facts to

4    support the jurisdictional amount. *Gaus*, 980 F.2d at 566–67. Defendant's argument that

5    the amount in controversy exceeds $75,000 has five elements: a certificate regarding

6    compulsory arbitration from Maricopa County Superior Court concedes damages in

7    excess of $50,000 (Doc. 1, Ex. 3, Compulsory Arbitration Certificate); actual damages

8    exceed $75,000 (Doc. 10, 4:15); punitive damages exceed $50,000 (Doc. 10, 6:26–7:1);

9    attorneys' fees exceed $75,000 (Doc. 10, 7:11–13); Plaintiffs' Complaint and Motion to

10   Remand do not indicate that Plaintiffs seek less than $75,000 (Doc. 10, 8:25–9:2).

11   **A.  Compulsory Arbitration Certificate**

12   Defendant correctly asserts that the Court may consider Plaintiffs' compulsory

13   arbitration certificate as evidence of the amount in controversy. (Doc. 10, 8:25–9:2).

14   However, this certificate does nothing more than establish that the amount in controversy

15   is likely more than $50,000. *Ferguson v. First Am. Specialty Ins. Co.*, 2009 WL 4154653,

16   at *3 (2009). It does not prove that the amount in controversy is greater than $75,000.

17   **B. Actual Damages**

18   Defendant has not established by a preponderance of the evidence that Plaintiffs'

19   actual damages exceed $75,000. Defendant offered a declaration by Elodee Kroll, an

20   analyst for Defendant, stating that "the medical provider charges for Plaintiffs' treatment

21   that were submitted to [Defendant] for payment exceed $250,000" (Doc. 10, Ex. A,

22   Declaration of Kroll); that Defendant adjusted most of the $250,000 to a lower amount;

23   and that Defendant has paid $90,000, an amount Defendant claims is "most of the

24   remainder" of that lowered amount (Doc. 10, 5:12–14). While the declaration does assert

25   that Defendant adjusted the $250,000 to a lower amount, it does not state that new

26   amount. This information is necessary in order to see how the $90,000 that has already

27   been paid relates to the outstanding medical bills for which Plaintiffs are seeking

28   coverage, because these outstanding medical bills are "at the center of this dispute." (Doc.

11, 3:24). Defendant has not asserted any facts that would indicate whether the actual damages Plaintiffs seek in fact exceed $75,000 and therefore has not met the burden of proving the facts to support the jurisdictional amount based on actual damages. *Gaus*, 980 F.2d at 566–67.

### C. Punitive Damages

Defendant's attorney's affidavit (Doc. 10, Ex. B, Declaration of Federhar), which estimates the amount of punitive damages, is not sufficient for the Court to find that the amount in controversy exceeds $75,000, even when coupled with the *Pennsylvania Jury Verdict Review & Analysis*. (Doc. 10, Ex. 1, *Pennsylvania Jury Verdict Review & Analysis*). As the Court has previously stated:

> Punitive damages recoverable under law may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (2004) (citing *Suber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)). To show that a claim for punitive damages establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, Defendant must present appropriate evidence. *Burk*, 348 F. Supp. 2d at 1069 (citing *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)). Such evidence may include jury verdicts in analogous cases. *Burk*, 348 F. Supp. 2d at 1069 (internal citations omitted).

*Ferguson v. First Am. Specialty Ins. Co.*, No. CV 09-01581-PHX-JAT, 2009 U.S. Dist. LEXIS 110470, at *11–12 (D. Ariz. Nov. 23, 2009). However, Defendant's burden is not simply to present the analogous cases, but also to compare the facts of those cases with the facts in the case at hand. *Burk*, 348 F. Supp. 2d at 1069 (internal citations omitted).

Defendant's comparison of the facts between the case in the *Pennsylvania Jury Verdict Review & Analysis* and the current matter is not sufficient to meet its burden. In its Response, Defendant only states that one fact is *similar* between the two cases. ("[T]he insured suffered similar injuries to her lower legs and ankles." (Def.'s Resp., 6:22)). The

rest of Defendant's analysis consists of a *recitation* of facts including that the case was an insurance bad faith action, the insured required multiple surgeries, the insurer paid a few medical claims and then refused subsequent coverage, and therefore the court ruled in favor of the plaintiffs and awarded $50,000 in punitive damages. (*Id.*) Defendant did not compare those facts, or any additional facts, with the facts in case here. *Burk*, 348 F. Supp. 2d at 1069.

> It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that . . . punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud. Defendant has failed to articulate *why* the particular facts that are alleged in the instant action might warrant . . . punitive damages.

*Id.* (citing *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245 (D. Ariz. 1996)). A brief examination of the facts of the analogous case, as presented in Defendant's Response (*Pennsylvania Jury Verdict*), is warranted to show that the case presented by Defendant does not bear a sufficient resemblance to the case at hand so as to make it more likely than not that the amount in controversy exceeds $75,000.

According to the Exhibit, which does not contain the court's opinion, but rather a summary of the facts and result in the case, the Pennsylvania case appears to have facts that might have greater bearing on a punitive damage verdict than the facts Defendant presented in the Response itself. In the analogous case, the plaintiffs were husband and wife suing for the wife's injury (*Pennsylvania Jury Verdict*, p. 1). Because of her injuries, the wife was unable to work. (*Pennsylvania Jury Verdict*, p. 2). A note in the hospital indicated that she might not be able to take care of her daughter and that social services might need to be notified. (*Id.*) The Pennsylvania plaintiffs could not afford child care, so the husband had to take a hardship discharge from his position in the Navy and return home from his ship at sea. (*Id.*)

In addition, the nature of the claims are sufficiently different. First, the analogous

case is for an underinsured motorist claim. (*Id.* at 1). And the defendant in that case did not simply, as Defendant claims, "[pay] a few of the insured's medical claims and then refuse[] coverage." (Def.'s Resp., 6:24–25). According to the Exhibit, the defendant had paid the maximum allowable first party medical benefits, which were $10,000, and then an additional $900,000 was available as "UIM" benefits. (*Id.*) According to the plaintiffs' argument, they could not make a final claim until all the surgeries were over, and they could not afford to pay for the surgeries without an advance of the UIM benefits. (*Id.*) In an arbitration proceeding, the defendant paid $335,000 and plaintiffs brought a subsequent suit *solely* for the punitive damages. (*Id.*) The court faulted the defendant for not making "an individualized evaluation of the plaintiffs' request for partial payment prior to denying it out of hand." (*Id.*) It also states that "[t]he [c]ourt noted the plaintiffs' financial situation of which the defendant was made aware in concluding that it lacked a reasonable basis for not paying the minimum value of the case in advance of a full settlement."(*Id.*) Because Defendant made hardly any factual comparison between the analogous case and the case at hand, and given that Defendant presented only one case from Pennsylvania from 2006, Defendant did not meet its burden.

### D. Attorneys' Fees

Defendant correctly states that where "an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *LowderMilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (*citing Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). Plaintiffs seek attorneys' fees under A.R.S. §12-341.01, which states that "in any contested action arising out of a contract . . . the court may award the successful party reasonable attorney fees." However, Defendant has failed to meet its burden of presenting evidence sufficient to establish that it is more likely than not that Plaintiffs' attorneys' fees will increase the amount in controversy above $75,000.

The only evidence Defendant has provided is an estimate from its own attorney

stating that attorneys' fees associated with the "*defense* of this action could well exceed $100,000 if this case goes to trial." (Doc. 10, 7:12–13) (emphasis added). However, "the Court is not persuaded that [Defendant's] estimate of *its own* fees has much relevance in assessing the [Plaintiffs'] likely fees." *Burk*, 348 F. Supp. 2d at 1068 (emphasis added). There is no additional evidence provided that supports this estimate. Defendant also notes that the District Courts within the Ninth Circuit disagree "as to whether attorneys' fees incurred **after** the date of removal are property included in the amount in controversy." (Def.'s Resp., 7:n.1). However, because Defendant has not provided any factual evidence regarding Plaintiffs' attorneys' fees, whether post-removal attorneys' fees are included does not have any bearing on the Court's decision.

### E. Failure to Indicate an Amount Less than $75,000.

Defendant notes in its Response that nowhere in the Complaint or Motion to Remand have Plaintiffs stated that their damages sought are less than $75,000. Plaintiffs do not bear the burden of proving the amount in controversy is less than $75,000. Plaintiffs are not required to stipulate to a specific amount of remedies "to prevent Defendant's removal to federal court." *Burk*, 348 F. Supp. 2d at 1070.

Based on the strong presumption against removal jurisdiction, and considering the evidence presented, the Court concludes that Defendant failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED.**

DATED this 17th day of February, 2011.

_____
James A. Teilborg
United States District Judge